**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

**MIDLAND-ODESSA DIVISION**

**CASE NO.:**

SCOTT W. HART,
on behalf of
himself and all others similarly
situated

          Plaintiff,

vs.

SWAGGIN WAGON, INC. and
BRAD PARSON and
RICKEY STANLEY,

         Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, SCOTT W. HART, on behalf of himself and all others similarly situated, by
and through counsel, hereby sets forth this Representative Action Complaint for Violation
of the Fair Labor Standards Act as follows:

**NATURE OF THE COMPLAINT**

1.    Plaintiff, SCOTT W. HART, brings this action against Defendant, SWAGGIN
WAGON, INC., (Hereinafter "Defendant") for unpaid overtime wages and related
penalties. Plaintiff alleges, on behalf of himself and all other similarly situated hourly
employees of Defendant, that Defendant failed and refused to pay Plaintiff, and all
others similarly situated, the proper overtime pay for time worked in violation of the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2.      Plaintiff seeks declaratory relief, unpaid overtime pay, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

3.      At all times relevant hereto, Defendants had an illegal practice and policy of paying overtime non-exempt hourly frac sand coordinators at a straight time rate and willfully failing to pay the proper overtime pay due and owing to the Representative Plaintiff and all other similarly situated employees in violation of the Fair Labor Standards Act  (FLSA), 29 U.S.C. § 201, *et seq.*

4.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the FLSA.

6.      The Western District of Texas has personal jurisdiction over Defendant SWAGGIN WAGON, INC. as well as its administrative arms, BRAD PARSON and RICKEY STANLEY  because they are doing business in this judicial District, the state of Oklahoma and other states.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

**A.      Plaintiffs**

**Named Plaintiff**

8.      Representative Plaintiff, SCOTT W. HART, is a resident of this judicial district. Defendants employed Plaintiff as frac sand coordinator from about June 15, 2013 to October 13, 2015. Ex. A (Opt-in Notice).

2

9.     At all relevant times, Plaintiff was an employee of Defendant for FLSA purposes.

**Representative Action Members**

10.     The putative members of the representative action are those current and former employees of Defendants who are similarly situated to Plaintiff; i.e., those who were not paid their regular or statutorily required overtime rate of pay for all hours worked.

**B.     Defendants**

11.     Defendant SWAGGIN WAGON, INC. is a corporation organized under the laws of the State of Oklahoma and conducts business in the states of Texas, Oklahoma as well as in other states throughout the United States.

12.     Defendants, BRAD PARSON and RICKEY STANLEY conduct business in this court's jurisdiction and at all times material hereto, were the managing agents of Defendant, SWAGGIN WAGON, INC.; said Defendants acted and continue to act directly in the interests of the Defendant, SWAGGIN WAGON, INC., in relation to said co-Defendant's employees. Defendants BRAD PARSON and RICKEY STANLEY effectively dominated Defendant SWAGGIN WAGON, INC. administratively or otherwise act, or had the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendants BRAD PARSON and RICKEY STANLEY were an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d)

13.     Upon information and belief, Defendants employed or employ the Named Plaintiff and the putative members in the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

14.    Plaintiff brings this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as non-exempt hourly employees (i.e. frac sand coordinators) who each worked on the average of 72 to 90 hours per week and who have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week.

15.    This Complaint may be brought and maintained as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiff because his claims are similar to the claims of the putative plaintiffs of the representative action. The Representative Plaintiff is aware of other similarly situated potential opt-ins who also worked as frac sand coordinators in Texas and Oklahoma but are reluctant to join this action in fear of reprisal and retaliation by Defendants.

16.    The names and addresses of the putative members of this representative action are available from Defendants.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FACTUAL BACKGROUND

17.    Defendants failed or refused to pay its employees the proper overtime pay for all hours worked in excess of 40 hours per week.

18.    Defendant's, SWAGGIN WAGON'S management directed and/or was aware of employees not being properly compensated for all hours worked and therefore willfully violated the FLSA.

19.    Up until the present, Defendants routinely employed "frac sand coordinators" and would fail to compensate them at the time and half overtime rate.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

20.    Plaintiff, SCOTT W. HART, on behalf of himself and all other similarly situated employees of Defendants, realleges and incorporates herein the allegations contained in Paragraphs 1 through 19 as if they were set forth fully herein.

21.    At all relevant times, Defendants have been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" (i.e. the frac sand transportation) within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants had employed and/or continues to employ "employee[s]," including Plaintiff and each of the putative members of the FLSA representative action who themselves handled goods that had travelled in interstate "commerce." At all times, Defendant had gross operating revenues in excess of $500,000.00 per annum.

22.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked in excess of 40 hours per week at time and a half of the employee's regular rate of pay.

23.    Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive the appropriate overtime pay under the FLSA.

24.     As a result of Defendants' failure to compensate its employees, including Representative Plaintiff SCOTT W. HART and all similarly situated employees at the overtime rate of pay,   Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. § 207(a)(1).

## PRAYER FOR RELIEF

25.     Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b);

26.     Designation of Plaintiff, SCOTT W. HART, as Representative Plaintiff of the putative members of the FLSA representative action;

27.     A declaratory judgment jointly and severally against all Defendants that the practices complained of herein are unlawful under the FLSA;

28.     An award of damages, including liquidated damages, to be paid jointly and severally by all Defendants;

29.     Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; Pre-Judgment and Post-Judgment interest, as provided by law; and

30.     Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Loren Law Group
100 South Pine Island Rd – Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:    (954)585-4886
E-Mail:        JLoren@Lorenlaw.com

_____
James M. Loren, Esquire

7

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. §216(b)

Name:_____Scott W. Hart_____

1.      I hereby consent and agree and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime and/or minimum wage compensation from my ____current / ___X___former employer.

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.      I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as a class representative if the court approves. If someone else serves as a class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the manner of conducting the litigation, the entering of an agreement with the Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.      In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

5.      I hereby designate the Law Offices of Goldberg & Loren, P.A. to represent me in this action.

Scott Wayne Hart (Nov 19, 2015)

Date: ____11-19-15____                 _____
                                                            Signature